**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANTAWN ATUANYA MILLER,

  Petitioner - Appellant,

v.

ANTHONY LAMARQUE,

  Respondent - Appellee.

No. 07-56279

D.C. No. CV-05-07137-FMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Submitted February 16, 2010[**]

Before:  FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

California state prisoner Santawn Atuanya Miller appeals from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

DAT/Research

Miller contends that the California Court of Appeal unreasonably applied clearly established federal law when it determined that the trial court did not violate his constitutional right to present a defense by excluding out-of-court exculpatory statements by an absent witness. The district court did not err in rejecting this argument because the exculpatory statements were unreliable and non-inculpatory. *See LaGrand v. Stewart*, 133 F.3d 1253, 1266 (9th Cir. 1998); *see also Williamson v. United States*, 512 U.S. 594, 601 (1994).

Miller also argues that the California Court of Appeal unreasonably applied clearly established federal law by determining that his due process rights were not violated when the trial court denied his motion for a mistrial. He contends that his right to a fair trial was violated because defense counsel referred to exculpatory statements in his opening statement, which were later excluded from evidence. The district court did not err in rejecting this contention. *See Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir. 1987); *see also Arizona v. Washington*, 434 U.S. 497, 511 (1978).

We do not address the State's procedural default argument because Miller's claims are clearly without merit. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002).

**AFFIRMED.**